64

| | | |
|---|---|---|
| 1 | A | No, it's not required. The application is a document |
| 2 | | that must be reviewed, completed and signed and sent |
| 3 | | back to the Hartford by a customer in order to issue a |
| 4 | | policy. |
| 5 | Q | How do you get the information that goes on that |
| 6 | | application or in that application? |
| 7 | A | Through a telephone conversation or a written |
| 8 | | correspondence with the customer. |
| 9 | Q | And the written correspondence from the customer |
| 10 | | generally comes from -- on what kind of a form or does |
| 11 | | it come on a form? |
| 12 | A | It can come on a form, it can come in a handwritten |
| 13 | | note from a customer, it can come through a telephone |
| 14 | | contact. |
| 15 | Q | Those handwritten notes -- I mean, those -- that form, |
| 16 | | would that be a form that a person if they were a |
| 17 | | member of the AARP would see in the AARP manual -- I |
| 18 | | mean, books or magazine? |
| 19 | A | That's one source of a form, yes. |
| 20 | Q | What is the other source of a form for the information |
| 21 | | that would go on the application? |
| 22 | A | It could be some -- a form sent out directly from the |
| 23 | | Hartford. |
| 24 | Q | Those forms that the Hartford sends out directly to |
| 25 | | Alaskans, what does it ask? |

R & R COURT REPORTERS
810 N STREET
(907) 277-0572/Fax 274-8982
ANCHORAGE, ALASKA 99501

Exhibit B
Page 6 of 9 Pages

```
 1              the coverage that forced the policy to be manual.
 2    Q         Okay.
 3    A         The policy renewed for that '02 to '03 policy term was
 4              then system supported and that's when the new policy
 5              number was administered to the same policy and same
 6              coverages, but it was administered to enable the system
 7              to support the policy.
 8    Q         Okay.  So you issue new policy numbers on the same
 9              policy at the Hartford?
10    A         Yes.
11    Q         Okay.  Now going to IMF 76 does it -- was -- did -- how
12              did the UM -- this was issued after IMF 72, when did
13              the insurance -- UM coverage get taken off and why?
14    A         And this (indiscernible) noted right now, IMF 76 is
15              identified as change number four?
16    Q         Right.  That'd be after change three.
17    A         I'm just looking back at page -- I don't know why it's
18              not on that, if this is change number four and the
19              requested change number four, I can't answer why UM is
20              not listed on this.  Again this is not what was sent to
21              Mr. Mann.
22    Q         If -- as far as the Hartford is concerned, Mr. -- at
23              least as -- in change number four Mr. Mann has no
24              UM/UIM coverage, is that true?
25    A         No.  I said I can't explain why this page doesn't
```

R & R  COURT  REPORTERS
810 N STREET
(907) 277-0572/Fax 274-8982
ANCHORAGE, ALASKA  99501

Exhibit B
Page 7 of 9 Pages

94

## SIGNATURE

UNITED STATES OF AMERICA   )
                           )ss.
STATE OF ALASKA            )

I, **WILLIAM E. PATTON**, having read the foregoing telephonic deposition testimony, do hereby certify it to be true and accurate, subject to corrections, if any, as indicated on the attached errata sheet.

_____
WILLIAM E. PATTON

DATE:_____

R & R COURT REPORTERS
810 N STREET
(907) 277-0572/Fax 274-8982
ANCHORAGE, ALASKA 99501

Exhibit B
Page 8 of 9 Pages

```
                          C E R T I F I C A T E

UNITED STATES OF AMERICA)
                        ) ss.
STATE OF ALASKA         )
```

I, Lynn Hall, Notary Public in and for the State of Alaska, and Reporter for R & R Court Reporters, Inc., do hereby certify:

THAT the annexed and foregoing Telephonic Deposition of **WILLIAM E. PATTON**, was taken before William P. Rice on the 19th day of October, 2005, commencing at the hour of 9:08 o'clock a.m. at the offices of Kelley & Canterbury, 821 N Street, Suite 206, Anchorage, Alaska, pursuant to Notice to take said Deposition of said Witness on behalf of the Plaintiff;

THAT the above-named witness, before examination, was duly sworn to testify to the truth, the whole truth and nothing but the truth;

THAT this Deposition, as heretofore annexed, is a true and correct transcription of the testimony of said Witness, taken by William P. Rice and thereafter transcribed by me;

THAT the original of the Deposition will be lodged in a sealed envelope, with the attorney requesting transcription of same, as required by Civil Rule 30(f)(1) amended, that being: **MR. LEONARD T. KELLEY, Kelley & Canterbury, Attorneys at Law, 821 N Street, Suite 206, Anchorage, Alaska 99501**;

THAT I am not a relative, employee or attorney of any of the parties, nor am I financially interested in this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal this 7th day of November, 2005.

*/s/ L. Hall*
Notary Public in and for Alaska
My Commission expires: 01/02/09

R & R COURT REPORTERS
810 N STREET
(907) 277-0572/Fax 274-8982
ANCHORAGE, ALASKA 99501

Exhibit B
Page 9 of 9 Pages