Source: Legal > / . . . / > Most Recent Year Federal & State Court Cases, Combined
Terms: writing or written /10 reject or rejection or waiver or waive /10 uninsured or underinsured or uim (Edit Search | Suggest Terms for My Search)

☞Select for FOCUS™ or Delivery

*2005 Wash. App. LEXIS 2887, \**

EDWARD S. CARLSON and DEBRA S. CADLE, Appellants, v. RELIANCE NATIONAL INDEMNITY COMPANY and the WASHINGTON INSURANCE GUARANTY ASSOCIATION, Respondents.

No. 24196-3-III

COURT OF APPEALS OF WASHINGTON, DIVISION THREE

2005 Wash. App. LEXIS 2887

November 15, 2005, Filed

**NOTICE:** [\*1] RULES OF THE WASHINGTON COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE WASHINGTON RULES OF COURT.

**PRIOR HISTORY:** Superior Court County: SPOKANE. Docket No(s): 03-2-02297-1. Judge signing: MICHAEL P. PRICE. Date filed: October 8, 2004.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs, a taxi driver and his passenger, sought underinsured motorist (UIM) coverage from defendant insurance carrier. Defendant guaranty association assumed the carrier's duties when it became insolvent. On cross motions for summary judgment as to the issue of whether a valid waiver reduced UIM limits, the Spokane County Superior Court, Washington, entered summary judgment for the association. Plaintiffs appealed.

**OVERVIEW:** Plaintiffs were injured when their cab was hit by an uninsured motorist. The carrier provided UIM coverage for the taxi service. Plaintiffs filed an action for declaratory judgment seeking a determination the UIM limits were $100,000 per person/$300,000 per accident because there was no signed UIM reduction or waiver form as required by statute. The authorized representative of the taxi service did not sign the carrier's **UIM waiver** form. Plaintiffs argued there was no **written waiver of the UIM** limits because the form was unsigned. However, the instant court concluded that the trial court did not err by concluding a **written waiver** existed. The application clearly indicated the **UIM** limits as $25,000 per person/$50,000 per accident. Shortly after the application was made, the taxi service received an insurance binder and declarations page that also indicated those same UIM limits. These writings were specific and unequivocal in reflecting the amount of coverage. This signed application, binder, and declarations page satisfied the requirements of a writing under Wash. Rev. Code § 48.22.030(4).

**OUTCOME:** The judgment was affirmed.

**CORE TERMS:** coverage, summary judgment, insured, per accident, per person, written waiver, unequivocal, extrinsic evidence, insurer, insurance commissioner, insurance application, parol evidence rule, amount of coverage, insurance binder, declarations,

Exhibit E
Page 1 of 5 Pages

admissible, waive, bid, uninsured motorist, liability coverage, cross motions, waiver form, ambiguity, passenger, insolvent, duties, cab

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Summary Judgment > Standards of Review

Civil Procedure > Summary Judgment > Summary Judgment Standard

**HN1** ± An appellate court reviews orders of summary judgment by engaging in the same inquiry as the trial court. Summary judgment is appropriate when there is no question as to any material fact. When considering a motion for summary judgment, the court must look at all facts in the light most favorable to the nonmoving party. Summary judgment is proper when, after considering the evidence, reasonable persons could only reach one conclusion. More Like This Headnote

Insurance Law > Motor Vehicle Insurance > Underinsured Motorists Coverage

**HN2** ± In Washington, insurance companies must offer underinsured motorist (UIM) coverage and provide limits equal to the liability coverage limits unless an insured specifically **rejects** such coverage. An insured's **rejection** of all or part of **UIM** coverage must be in **writing**. Wash. Rev. Code § 48.22.030(4). The **writing** must be specific and unequivocal. It must reflect an affirmative and conscious **rejection** or acceptance of **UIM** coverage. More Like This Headnote

Insurance Law > Claims & Contracts > Policy Interpretation > Parol Evidence

Insurance Law > Motor Vehicle Insurance > Underinsured Motorists Coverage

**HN3** ± When there is a **writing** evidencing a **rejection of underinsured** motorist (**UIM**) coverage, the court may consider that **writing** and other extrinsic evidence of the insured's intent to determine the effectiveness of the **rejection**. But if no **writing** exists, the intent of the parties is irrelevant. **Writings** having been held to be sufficient to evidence an intent to **reject UIM** coverage include a bid proposal, an insurance binder, and **UIM** selection and rejection forms. More Like This Headnote

Insurance Law > Motor Vehicle Insurance > Underinsured Motorists Coverage

**HN4** ± With respect to underinsured motorist (UIM) coverage, neither Wash. Rev. Code § 48.22.030(4) nor case law requires that a specific form be signed. The insured must simply evidence his intent to **waive** or reduce the **UIM** coverage in a **writing** that is specific and unequivocal and demonstrates a desire to **waive** such coverage. The **waiver** must also indicate the amount of coverage the insurer had in mind. More Like This Headnote

Contracts Law > Contract Interpretation > Parol Evidence Rule

Insurance Law > Claims & Contracts > Policy Interpretation > Parol Evidence

**HN5** ± The parol evidence rule provides extrinsic evidence is admissible as to the circumstances under which a contract was made in an attempt to interpret the parties' intent and to determine the meaning of the terms of the contract. Such evidence, however, cannot be used to add, modify, or contradict the terms of the contract. More Like This Headnote

Exhibit E
Page 2 of 5 Pages

Evidence > Writings & Real Evidence > Completeness Doctrine

HN6 See Wash. Rev. Code § 48.18.080(1).

**COUNSEL:** F. Dayle Andersen Jr. (of Keith S. Douglass & Assocs.), Patrick K. Fannin, for appellants.
Mary R. Deyoung (of Reed McClure), and Anne M. Nanna (of Safeco Ins. Cos.), for respondents.

**JUDGES:** Written by: KENNETH H. KATO. Concurred by: STEPHEN M. BROWN & PHILIP J. THOMPSON.

**OPINIONBY:** KENNETH H. KATO

**OPINION: KATO, C.J.**-Edward Carlson, a cab driver for Park N' Ride Taxi Service, and a passenger were injured when their cab was hit by an uninsured motorist. They sought underinsured motorist (UIM) coverage from Park N' Ride's insurer, Reliance National Indemnity Company. The Washington Insurance Guaranty Association (WIGA) assumed Reliance National's duties and responsibilities when it became insolvent. On cross motions for summary judgment as to the issue of whether a valid waiver reduced UIM limits, the court determined there was one and entered summary judgment for WIGA. We affirm.

In 1999, Richard (Rick) O'Neill needed automobile insurance for his company, Park N' Ride Taxi Service, so he contacted an insurance agent. Mr. O'Neill did not know how much or what type of insurance he needed. He did not recall any discussion [*2] with the agent about UIM coverage. Mr. O'Neill asked for whatever insurance was required.

The agent prepared the application and wrote "100,000/300,000/25,000" for liability coverage and "25,000/50,000/10,000" for UIM coverage. Clerk's Papers at 50. Mr. O'Neill signed the application. He did not sign a form rejecting UIM coverage or selecting lower UIM limits. Reliance National issued a policy to Park N' Ride, providing UIM limits of $25,000 per person/$50,000 per accident.

On December 21, 2000, an uninsured motorist struck the Park N' Ride cab driven by Ed Carlson, injuring both him and Deborah Cadle, his passenger. Both filed UIM claims against Reliance National.

In October 2001, a Pennsylvania court declared Reliance National insolvent. WIGA assumed the insurer's duties and responsibilities.

On April 3, 2003, Mr. Carlson and Ms. Cadle filed an action for declaratory judgment seeking a determination the UIM limits were $100,000 per person/$300,000 per accident because there was no signed UIM reduction or waiver form as required by statute.

The parties filed cross motions for summary judgment. The court entered summary judgment for WIGA. Mr. Carlson and Ms. Cadle sought direct [*3] review at the Supreme Court, which transferred the case here.

HN1 We review orders of summary judgment by engaging in the same inquiry as the trial court. Clements v. Travelers Indem. Co., 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). Summary judgment is appropriate when there is no question as to any material fact. Id. When considering a motion for summary judgment, the court must look at all facts in the light most favorable to the nonmoving party. Id. Summary judgment is proper when, after

Exhibit E
Page 3 of 5 Pages