Search Result - Written Document - Subject of rejection or waiver of waive / to unin... Page 1 of 2
Case 3:05-cv-00038-TMB   Document 26-12   Filed 01/06/2006   Page 1 of 2
Page 4 of 5

considering the evidence, reasonable persons could only reach one conclusion. *Id.*

Mr. Carlson and Ms. Cadle claim the **UIM** limits must be equal to the liability limits because there was no **written waiver**. *HN2* In Washington, insurance companies must offer **UIM** coverage and provide limits equal to the liability coverage limits unless an insured specifically rejects such coverage. *Cochran v. Great W. Cas. Co.*, 116 Wn. App. 636, 641, 67 P.3d 1123 (2003); see also RCW 48.22.030(2)-(4). An insured's **rejection** of all or part of **UIM** coverage must be in **writing**. RCW 48.22.030(4). The **writing** must be specific and [*4] unequivocal. *Galbraith v. Nat'l Union Fire Ins. Co.*, 78 Wn. App. 526, 532, 897 P.2d 417, *review denied*, 128 Wn.2d 1005, 907 P.2d 297 (1995). It must reflect an affirmative and conscious **rejection** or acceptance of **UIM** coverage. *Clements*, 121 Wn.2d at 254.

*HN3* When there is a **writing** evidencing a **rejection of UIM** coverage, the court may consider that **writing** and other extrinsic evidence of the insured's intent to determine the effectiveness of the **rejection**. *Galbraith*, 78 Wn. App. at 530-31. But if no writing exists, the intent of the parties is irrelevant. *Clements*, 121 Wn.2d at 256. **Writings** having been held to be sufficient to evidence an intent to **reject UIM** coverage include a bid proposal, an insurance binder, and **UIM** selection and rejection forms. *Marks v. Wash. Ins. Guar. Ass'n*, 123 Wn. App. 274, 278-79, 94 P.3d 352 (2004) (coverage rejection form), *review denied*, 153 Wn.2d 1022, 108 P.3d 1229 (2005); *Cochran*, 116 Wn. App. at 639-40 (coverage options form); *Weir v. Am. Motorists Ins. Co.*, 63 Wn. App. 187, 192, 816 P.2d 1278 (1991) (bid proposal and policy). [*5]

Mr. O'Neill, the authorized representative of Park N' Ride, did not sign Reliance National's **UIM waiver** form. Mr. Carlson and Ms. Cadle argue there was no **written waiver of the UIM** limits because the form was unsigned. But *HN4* neither RCW 48.22.030(4) nor case law requires that a specific form be signed. The insured must simply evidence his intent to **waive** or reduce the **UIM** coverage in a **writing** that is specific and unequivocal and demonstrates a desire to **waive** such coverage. *Clements*, 121 Wn.2d at 254; *Galbraith*, 78 Wn. App. at 532. The waiver must also indicate the amount of coverage the insurer had in mind. *Galbraith*, 78 Wn. App. at 532.

Mr. O'Neill signed the insurance application on December 29, 1999. The application clearly indicated the UIM limits as $25,000 per person/$50,000 per accident. Shortly after the application was made, Park N' Ride received an insurance binder and declarations page that also indicated those same UIM limits. These writings are specific and unequivocal in reflecting the amount of coverage. This signed application, binder, and declarations page satisfy the requirements of a [*6] writing under RCW 48.22.030(4). The trial court did not err by concluding a written waiver existed.

Mr. Carlson and Ms. Cadle next contend the trial court erred because it considered the application as extrinsic evidence of Mr. O'Neill's intent and such evidence is inadmissible under *Clements*, 121 Wn.2d at 256. But *Clements* merely held that the intent of the parties was irrelevant if no writing existed. *Id.* Because a writing existed here, the court could consider the parties' intent. *Galbraith*, 78 Wn. App. at 530-31.

Mr. Carlson and Ms. Cadle claim that by considering the application, the court violated the parol evidence rule. *HN5* That rule provides extrinsic evidence is admissible as to the circumstances under which a contract was made in an attempt to interpret the parties' intent and to determine the meaning of the terms of the contract. *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990). Such evidence, however, cannot be used to add, modify, or contradict the terms of the contract. *Id.* at 669.

The policy and application here are consistent as both indicate the UIM [*7] limits were $25,000 per person/$50,000 per accident. The parol evidence rule was not violated.

Exhibit E
Page 4 of 5 Pages

Mr. Carlson and Ms. Cadle contend the court violated RCW 48.18.080, which prevents courts from considering an application to determine coverage issues.

> HN6 No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a true copy of the application was attached to or otherwise made a part of the policy when issued and delivered.

RCW 48.18.080(1). But this action was not about the policy. RCW 48.18.080(1) therefore does not apply. The application was used solely to determine if there was statutory compliance for a written waiver. The court did not err by considering the application.

Mr. Carlson and Ms. Cadle further argue that if the application were considered part of the policy, it had to be approved by the insurance commissioner. RCW 48.18.100(1) indicates that no form may be used unless it is filed with the insurance commissioner. But the court did not consider the application [*8] as part of the insurance contract. It merely considered the application as a written, specific, and unequivocal manifestation of Mr. O'Neill's intent to reduce UIM coverage. There was no error.

Finally, they assert that even if the court considers the insurance application, it creates an ambiguity that must be construed in favor of the insured. The application and the policy, however, are consistent in showing the UIM coverage is $25,000 per person/$50,000 per accident. No ambiguity exists.

Mr. Carlson and Ms. Cadle have requested attorney fees. Because they did not prevail, they are not entitled to such an award.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Kato, C.J.

WE CONCUR:

Brown, J.

Thompson, J. Pro Tem

Source: Legal > / . . . / > Most Recent Year Federal & State Court Cases, Combined
Terms: writing or written /10 reject or rejection or waiver or waive /10 uninsured or underinsured or uim (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Tuesday, January 3, 2006 - 2:11 PM EST

LexisNexis® About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit __E__
Page __5__ of __5__ Pages



https://www.lexis.com/research/retrieve?_m=b24a743704be815d58602fb2b5282f00&...    1/3/2006