JERRY W. MANN                    12/8/2005                MANN v. HARTFORD INS.
Vol. 1                                                    A05-0038 Civil

Page 33

```
 1        it, but it looks to me as if it was tri-folded and then a
 2        staple was put through the top there, and it looks to me
 3        like those staple marks go through and hit every page.
 4        Could you look at it and confirm whether that's an
 5        accurate description of it.
 6   A    I don't know exactly what you mean, they hit every page.
 7   Q    Yes, you see it was tri-folded just like you have it
 8        there.
 9   A    Oh.
10   Q    And then a staple went through here.
11   A    Yeah.
12   Q    And those staple holes appear in every page including the
13        last page?
14   A    Yeah, it looks like there's a hole there.
15   Q    And does it look as if it goes through every page of the
16        application?
17   A    Yes.
18   Q    Okay.  And then again, with regard to the folding, I just
19        referred to it, it looks as if every page was similarly
20        folded in a tri-fold manner, doesn't it?
21   A    Yes.
22   Q    And it also looks as if every page was folded in the
23        middle once like this, they've all got the same, again,
24        the same fold in the middle?
25   A    I don't know.  I can see that it was tri-folded, but I
```

Computer Matrix, LLC                Phone - 907-243-0668      Exhibit  C       jpk@gci.net
310 K Street, Suite 200             Fax     907-243-1473      Page 16 of 24 Pages   sahile@gci.net

JERRY W. MANN  
Vol. 1  
12/8/2005  
MANN v. HARTFORD INS.  
A05-0038 Civil

Page 34

```
 1         don't see that it was folded in the middle.
 2  Q      Okay.  Well, if you could look at it more closely I'd
 3         appreciate it.
 4  A      I don't know.  It looks like a small crease there but I
 5         can -- it looks more like a tri-fold.
 6  Q      Uh-huh.  But that small crease that you could see, is it
 7         true that that appears on every page?
 8  A      Yes.
 9  Q      Okay.  And what I'm getting at with this, as I'm sure you
10         know, now, you acknowledged to me that you received Page 3
11         where your ink and your handwriting appears, correct, and
12         you acknowledged to me that you received Page 4, which is
13         the back of Page 3, so obviously you'd get them both, and
14         you acknowledged to me that you received Pages 7 and 8
15         where your signature appears, and I'm just wondering if
16         you would agree with me that a reasonable assumption would
17         be that all of these pages stayed together through
18         whatever folding and stapling occurred to them during
19         their lifetime.
20  A      I don't know.
21  Q      You don't know?
22  A      I really don't know but.....
23  Q      Do you have -- is it your assumption that a couple of
24         these pages, just Page 3 and 4 and Page 7 and 8 were sent
25         to you and the other two weren't?  Are you making any
```

Computer Matrix, LLC  
310 K Street, Suite 200  
Phone - 907-243-0668  
Fax    907-243-1473  
Exhibit C  
Page 17 of         Pages  
jpk@gci.net  
sahile@gci.net

JERRY W. MANN                    12/8/2005                MANN v. HARTFORD INS.
Vol. 1                                                    A05-0038 Civil

Page 35

```
 1        assumptions that.....
 2        MR. KELLEY:  You're talking about with the -- around --
 3   you're talking about around the 4/8/01 date?
 4        MR. MAASSEN:  Exactly.
 5        MR. KELLEY:  Yeah.
 6   Q    Around 4/8/01 when you saw at least some of these pages
 7        and put your ink on them, is it your testimony or your
 8        belief that only some of these pages got to you and others
 9        did not or is it maybe more likely that you just don't
10        recall which ones you received?
11   A    I just recall the ones that have the checks and my
12        signature.
13   Q    Uh-huh.
14   A    So.....
15   Q    I mean do you actually recall seeing them or do you just
16        realize now, having seen them that you must have seen them
17        since they have your checkmarks on them?
18        MR. KELLEY:  Objection to the word, now.  Now, today, or
19   now, within since this litigation started?
20        MR. MAASSEN:  Now, today.
21        MR. KELLEY:  Okay.
22   A    Would you rephrase that please?
23   Q    I don't remember what it was.
24   A    I don't -- I'm getting confused.
25        MR. MAASSEN:  Could you remind me what that question was
```

Computer Matrix, LLC              Phone - 907-243-0668    Exhibit  C        jpk@gci.net
310 K Street, Suite 200           Fax   907-243-1473   Page 18 of 24 Pages  sahile@gci.net

JERRY W. MANN            12/8/2005            MANN v. HARTFORD INS.
Vol. I                                         A05-0038 Civil

Page 36

```
 1    please.
 2         REPORTER:  Sure.
 3         (Off record)
 4         (Record playback)
 5         (On record)
 6    Q    Do you mean that you realize you must have seen them
 7         because they have your ink on them or do you actually
 8         remember seeing them?
 9    A    I don't recall Pages 6 and 7.  I don't recall seeing them,
10         especially Page 6.
11    Q    Okay.  But how about the pages with your ink on them, do
12         you recall seeing them or do you just know now that you
13         must have seen them because they have your ink on them?
14    A    Well, Page 7, obviously I signed there because I wanted
15         collision and comprehensive for rental vehicles, so that
16         was my signature.
17    Q    Right.
18    A    Page 8 was my signature.
19    Q    Right.  But I'm asking a different question.
20    A    Okay.
21    Q    I'm not asking whether you realize that you must have seen
22         it, I'm asking whether you now recall having seen it?
23    A    No, I don't recall having seen all those.
24    Q    Okay.  Sometime in, I think it was early 2002 your
25         Hartford coverage lapsed because of non-payment premium,
```

JERRY W. MANN   12/8/2005   MANN v. HARTFORD INS.
Vol. 1   A05-0038 Civil

Page 37

```
 1        do you recall that happening?
 2   A    I think so, yes.
 3   Q    Do you recall why that happened?
 4   A    I sent a payment in late.
 5   Q    Okay.  And how did you discover that the policy had lapsed
 6        or that the payment was late?
 7   A    They sent me a letter, I think.
 8   Q    Do you recall what the letter told you?
 9   A    No.  Just that -- that I had missed a payment.
10   Q    Okay.  Did the payment cross in the mail with their notice
11        to you or did their notice to you prompt the payment?
12   A    I honestly don't recall.
13   Q    Okay.
14   A    I have a feeling I probably just sent the payment in late
15        because I wouldn't have intentionally missed a payment,
16        I've always been very protective of my insurance.
17   Q    Okay.  And what was your understanding of what Hartford
18        did once you had made the late payment?  What happened to
19        your policy?
20   A    I -- I don't understand what you mean.
21   Q    Okay.  Was it your understanding that your policy was
22        reinstated?
23   A    Yes.
24   Q    Okay.  Did you expect, at that point, to receive a new
25        policy from Hartford?
```

Computer Matrix, LLC         Phone - 907-243-0668      Exhibit C              jpk@gci.net
310 K Street, Suite 200      Fax     907-243-1473      Page 20 of 20 Pages   sahile@gci.net