Leonard T. Kelley
Kelley & Canterbury, LLC.
821 "N" Street, Suite 206
Anchorage, Alaska  99501
Tel:  (907) 276-8185
Fax:  (907) 279-3829
Attorney for the Plaintiff
Alaska Bar No. 7605039

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JERRY MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD INSURANCE | ) |
| COMPANY OF THE MIDWEST, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. A05-00038 CV (TMB) |

**MOTION AND MEMORANDUM SUPPORTIVE OF EXCLUDING DEFENDANT'S EVIDENCE AND CREATING PRESUMPTIONS IN FAVOR OF UNDERINSURED MOTORIST COVERAGE FOR PLAINTIFF MANN**

Defendant Hartford is in the business of providing insurance coverages for American Association of Retired People members.  Hartford's business of providing personal lines of insurance is regulated by the State of Alaska via Titles 21, 28, and 3 AAC 26.030-080.  These statutes and regulations provide several minimum protections for residents/consumers of insurance products in the State of Alaska.  One of the protections for Alaskans is the Mandatory Insurance Act of 1984 requires motor vehicle insurance carriers to provide their insured with Uninsured and Underinsured Motorist coverage unless specifically rejected <u>in writing</u> by the insured (AS 21.89.020(c) and (e)).  A second protection is the carrier's duty to offer the insured various insurance options (AS 21.89.020(c)).  The third protection is to follow statutory

provisions of delivery to the insured of a complete copy of the insurance contract with all relevant documents (AS 21.42.120, AS 21.42.250, and AS 21.90.900). The third protection requires insurance companies to make sure their forms comply with Alaska law, which generally occurs when the Division of Insurance approves the forms (AS 21.42.120). A fourth protection is to assure that the insurance carrier deals with its insured in a fair manner (AS 21.36.125 and 3 AAC 26.030-080).

Defendant Hartford filed a Motion for Summary Judgment stating that its insured Mann is not entitled to Underinsured Motorist benefits because Mann waived the coverage. Defendant supported its position by presenting two pieces of evidence to the Court. The first piece of evidence is the Affidavit/Deposition Testimony of Mr. William Patton and the second is an Application and Supplemental Application form (Exhibit 1 attached). The Application and Supplemental Application is actually 8 pages on 4 separate sheets of paper (*See* Exhibit 1). It is Plaintiff's position that Patton's Affidavit/Deposition and the Supplemental Application should be stricken as admissible evidence supportive of Defendant's Motion for Summary Judgment, because the insurance company failed to abide by the aforementioned first, third and fourth protections.

<u>Patton's Affidavit</u>

Patton's Affidavit is based upon the reliance of hearsay documents, documents prepared by third-parties (Patton's transcript page 52, line 2), documents not provided to Plaintiff (Patton's transcript page 56, line 24), and documents that failed to comply with Alaska law. Mr. Patton has no personal knowledge of the events surrounding the preparation of the Supplemental Application.[1] Mr. Patton never talked to Plaintiff (Patton's transcript page 13). Mr. Patton has

---

[1] Mr. Patton stated he was aware of calls made by Mann (Patton's transcript page 13, line 7), but that would have been impossible because there are no service notes for 3/29/01 to 8/01 (Patton's transcript page 37, line 14; page 39,

no knowledge of the claims process (Patton's transcript page 12, line 10). Mr. Patton solely relied upon documents which were in the archives or computers (Patton's transcript page 12, line 20 and page 58, line 7), which in some cases were prepared by a third person (Patton's transcript page 51, lines 21-25).[2]

Additionally, Mr. Patton, in paragraph 2 of his Affidavit, states that, in short, the documents (Patton Deposition Exhibit H) he reviewed shows Mann rejected Uninsured/Underinsured Motorist coverage. Mr. Patton is an employee of Hartford and interpreted the Supplemental Application in a manner favorable to his employer, despite evidence that computer service notes were purged,[3] the complete policy was not sent to insured Mann, and that Hartford unilaterally plugged the word "Rejected" in the Supplemental Application (Patton's transcript page 49, line 17).[4] Courts, when faced with similar situations, place the burden of proof whether the rejection has been legally performed on the insurer. An otherwise defective form cannot be reformed by Mr. Patton's Affidavit or deposition that Hartford's insured Mann intended to reject Underinsured Motorist coverage. Schermer on Automobile Liability Insurance, 4th Ed. § 19.10 at 21. Mr. Patton's testimony is not admissible evidence and should not be permitted to justify Hartford's denial of Underinsured Motorist coverage to its insured (Federal R. Civ. P. 56(g)).

---

line 23; and page 50, line 3).
[2] Emails between Mr. Patton and Ms. Rokes (Patton's transcript page 52, lines 1-7) were requested by Plaintiff in Request for Production No. 3, but not produced (Exhibit 2 attached).
[3] If the service notes existed and supported Plaintiff's position that Hartford typed in the word "Rejected" on their own initiative, this information would favor the insured Mann.
[4] Mr. Patton, at his deposition, told us that a Policies and Procedures Manual (Patton's transcript page 45, line 5) and document retention policies (Patton's transcript page 38) likely existed. On January 6, 2006, we found out the Policies and Procedures Manual contained a passage at IMF 224, that UM/UIM coverages must follow state procedures and the insureds are instructed to "X" the appropriate box to approve their selection. Mr. Patton must have known that Mann's failure to mark the box stating Mann rejected/waived UM/UIM coverage was fatal to Hartford's position. Mr. Patton is the "Director of Coverage, Forms and Litigation for Personal Lines," and he oversees the creation and administration of policy forms (Patton's transcript pages 6 and 7).

Supplemental Application Dated April 8, 2001

The Court should not permit Defendant to offer Exhibit 1 pages 7 and 8 and Exhibit 2 pages 7 and 8 of Hartford's Motion for Summary Judgment to prove the truth of the matter asserted by Hartford that Mann rejected Uninsured/Underinsured Motorist coverage in writing.

We do not know when the words "Rejected" were plugged into the Supplemental Application by Hartford (Patton's transcript page 49), but we know Hartford did in fact plug the words onto the Supplemental Application form (Patton's transcript page 49, line 17). Mann says he never rejected Uninsured/ Underinsured Motorist coverage in writing (*see* Mann's Affidavit). The burden of proof is on Hartford to prove otherwise. Poots v. Motorist Ins. Cos., 526 N.E.2d 71 (Ohio App. 1986). The Supplemental Application should be precluded from evidence because Hartford violated AS 21.89.020(c) and (e) and AS 28.20.445(e)(3) when it attempted to circumvent Alaska law by including a rejection form with words not written by the insured and utilized application forms not approved by the State of Alaska per AS 21.42.120 and AS 21.42.250.

Failure of Hartford to Comply with AS 21.42.120(a)

On or about October 12, 2005, Plaintiff filed a request for information with the State of Alaska Division of Insurance (Exhibit 3 attached). Plaintiff requested information to ascertain if Hartford filed and the Division of Insurance approved a waiver/rejection form which complied with AS 21.89.020(c). On or about November 30, 2005, Plaintiff received a package from the Division of Insurance, which Plaintiff produced to Hartford's attorney (Exhibit 4 attached). The documents received from the Division of Insurance did not reveal an Uninsured/Underinsured Motorist coverage waiver form[5] approved by the Division of Insurance.

---

[5] An option offer page (not an approved form) from a manual is part of the Division of Insurance file. There was no approved option offer notice in the package.

AS 28.22.201(a)(2) and AS 21.89.020(c) does not purport to regulate the rejection waiver forms or option forms, other than state said forms are subject to state regulation. Alaska Statute 21.42.120(a) requires that application forms are to become part of a policy and be filed with and approved by the director of the Division of Insurance. Alaska Statute 21.42.130(1) requires that the director disapprove a form that is filed that is "in any respect in violation of or does not comply with Title 21 and [Title 28] of the Alaska Statutes." Mr. Patton testified at his deposition that Exhibit 1, attached to this motion, was the application (Patton transcript page 63). Defendant Hartford failed to comply with Alaska law requiring the Division of Insurance to pre-approve "waiver/rejection" forms[6], which are part of the application process.[7]

The Alaska Supreme Court in GEICO v. Graham-Gonzalez, 107 P.3d 279 (Alaska 2005) took judicial notice of the fact that the Division of Insurance approved GEICO's application forms (with regard to optional coverage). Plaintiff requests that the Court take judicial notice of the fact that Hartford did not submit the "application forms" with an Uninsured/Underinsured Motorist rejection waiver form or the optional coverage form to the Division of Insurance for approval. Plaintiff moves this Court hold that Hartford's application forms (including the rejection and optional coverage forms) are presumed statutorily defective, because Hartford did not obtain state approval of said forms.

Spoliation/Alteration

Defendant Hartford, in its Motion for Summary Judgment, relied upon the production of a document called "Supplemental Application" to support its proposition that their insured (Mann) waived Uninsured/Underinsured Motorist coverage (*See* Exhibit 1).

---

[6] Must be approved by the Division of Insurance because it is part of the application, which becomes a part of the Policy of Insurance (AS 21.42.120(a)).
[7] Likewise, the "option form" must be approved by the Division of Insurance.

Mann v. Hartford Insurance Co. of the Midwest, *Case No. A05-00038CIV* (TMB)   Page 5 of 9
**Motion and Memorandum Supportive of Excluding Defendant's Evidence and Creating Presumptions**

Evidence obtained at Mr. Patton's deposition shows that the Supplemental Application was altered when Hartford plugged in the word "Rejected" on page 6 of Exhibit 1 (Patton's transcript page 49, lines 10-20). The service notes detailing Hartford's action from 3/29/01 to 8/01 are missing (Patton's transcript page 37, line 14).

We know from the Affidavit of Jerry Mann that he never marked or initialed the rejection of Uninsured/Underinsured Motorist coverage box on the form (*see* Exhibit 1). We also know that Hartford purged the records of the service notes from 3/29/01 to 8/01 (Patton's transcript page 37, line 14). We know there is no codified retention/deletion policy (*See* Exhibit 2 – Defendant's Reponses to Requests for Production No. 10). We also know that Courts generally do not accept self-serving Affidavits from employees to substantiate the ultimate issue, ie, rejection. Schermer § 19.10 at 21.

Nevertheless, in an abundance of caution, Plaintiff moves this Court to preclude Defendant from providing any documents or testimony favorable to Hartford's position. Specifically, the Court should conclude that the missing service notes would reasonably infer that the party who destroyed the evidence (or failed to preserve the evidence) did so because it was unfavorable to Hartford's position. Donohue v. American Isuzu Motors, 155 F.R.D. 515 (Middle D. PA 1994). The Alaska Supreme Court took a similar position in Sweet v. Sisters of Providence in Washington, 895 P.2d 484 (Alaska 1995).

Hartford plugged in the words "Rejected" on page 6 of the Supplemental Application despite the language in AS 21.89.020(c), which states the insured must make a rejection of Uninsured/Underinsured Motorist coverage in writing. Defendant's position, that its action is a mere confirmation of the insured's oral directives, nevertheless violates AS 21.89.020 and contrary to its own procedures (IMF 224). Courts faced with similar issues have rejected the

insurer's position.  *See generally* Schermer § 19 at 10.

This act by Hartford (plugging the word "Rejected") amounts to an alteration, which is violative of AS 21.89.020.  It is violative of AS 21.89.020 because the insurance company (not the insured) made the written rejection of Uninsured/Underinsured Motorist coverage.  Various remedies are available to the Court.  The Court should deny Defendant's Motion for Summary Judgment, preclude Defendant's evidence, and create a presumption of coverage in favor of Mann.

### Preclusion of Hartford's Evidence and Presumption in Mann's Favor

This Court should not allow Hartford to benefit from its violation of Alaska Statutes. Public policy requires that the Mandatory Insurance laws be given strict interpretation with the net effect that Mann has had Underinsured Motorist coverage, at least at the minimum limit, since April 2001.  Plaintiff also requests that this Court find as a matter of law that Defendant Hartford Insurance Company of the Midwest failed to comply with Alaska Statutes 21.89.020, 28.22.201, and 21.42.120, and, that as a matter of law, a presumption exists that Plaintiff Jerry Mann, has had Uninsured/Underinsured Motorist coverage since March 29, 2001 (Federal Rules of Evidence 301 and 302).

### Conclusion

Plaintiff requests that the Court deny Defendant's Motion for Summary Judgment, confirm Plaintiff's Underinsured Motorist coverage, grant Plaintiff's Cross-Motion for Summary Judgment and refer the case to arbitration.  Plaintiff also requests that the Court maintain jurisdiction to confirm the Panel's Award per AS 09.43.110 and address whatever issues may arise.

Dated this 8th day of February, 2006.

<u>s/ Leonard T. Kelley</u>
Kelley & Canterbury, LLC.
821 "N" Street, Suite 206
Anchorage, Alaska  99501
Tel:  (907) 276-8185
Fax:  (907) 279-3829
Email:  kelleyandkelley@acsalaska.net
Alaska Bar No. 7605039

*Certificate of Service*
I hereby certify that on 2/8/06, a copy of the
foregoing Motion Excluding Defendant's
Evidence and Creating Presumptions in Favor
of Underinsured Motorist Coverage for Plaintiff
Mann was served electronically on Peter J. Maassen.

BY: <u>s/ Leonard T. Kelley</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD INSURANCE | ) |
| COMPANY OF THE MIDWEST, | ) |
| | ) |
| Defendant. | ) |
| _____ ) | Case No. A05-00038 CV (TMB) |

## PROPOSED ORDER

Before this Court is Plaintiff's Motion to Exclude Defendant Hartford's evidence and creating a presumption of Underinsured Motorist coverage in favor of Plaintiff Jerry Mann. After careful consideration of the parties' briefing, the Court GRANTS Plaintiff's motion. Defendant's Motion for Summary Judgment is DENIED.  Plaintiff's Cross-Motion for Summary Judgment is GRANTED, and the Court confirms that Plaintiff Jerry Mann has Underinsured Motorist coverage at the time of the May 13, 2003 motor vehicle collision.

Entered this \_\_\_ day of _____, 2006.

_____
Hon. Timothy Burgess
U.S. District Court Judge

*Certificate of Service*
I hereby certify that on 2/8/06, a copy of the foregoing Proposed Order was served electronically on Peter J. Maassen.

BY: s/ Leonard T. Kelley