Peter J. Maassen, ABA No. 8106032
INGALDSON, MAASSEN & FITZGERALD, P.C.
813 W. 3rd Avenue
Anchorage, AK  99501-2001
Phone:     (907) 258-8750
Fax:       (907) 258-8751
Email:     peter@impc-law.com

Attorneys for defendant, Hartford Insurance Company of the Midwest

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JERRY MANN,<br><br>     Plaintiff,<br><br>v.<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br><br>     Defendants. | No. A05-0038 CIV (RRB)<br><br>**OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS** |

Without citing a single Rule of Evidence in support, Plaintiff Jerry Mann moves to exclude "any documents or testimony favorable to Hartford's position." See Motion at 6. The grounds for the motion are unclear:  it mentions hearsay, lack of authentication, and problems in discovery, but it does not discuss these issues in any depth.  Primarily, the motion seems to urge exclusion as a sanction for alleged violations of Alaska insurance statutes.  See Motion at 2 (exclusion required "because the insurance company failed to abide by the

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS
Page 1 of 9

aforementioned first, third and fourth protections"). This sanction would be, in effect, a litigation-ending sanction, as Hartford's inability to present "any documents or testimony" in its favor would obviously strip it of any defense.

However, there are no violations of law or policy in Hartford's practices. Furthermore, the document most clearly hurtful to Plaintiff, the signed application form in which he rejected UM coverage, he has acknowledged signing; there is no real question about the authenticity or relevance of any part of the documentary record. Plaintiff's Motion to Exclude Defendant's Evidence is transparently a last-ditch attempt to avoid the import of the waiver that he read and signed.

## **DISCUSSION**

### **A. There Is No Reason to Exclude Hartford's Evidence**

Hartford supported its Motion for Summary Judgment with, among other things, the Affidavit of William E. Patton, the Director of Hartford's Personal Lines Product Management, who testified under oath about the authenticity and meaning of the relevant documentary record. Plaintiff subsequently deposed Patton and had a full opportunity to explore what it perceived to be any weaknesses in his testimony. Plaintiff now attacks Patton's affidavit on grounds that Patton relied on "hearsay documents, documents prepared by third-parties[,] documents not

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS
Page 2 of 9

provided to Plaintiff[,], and documents that fail to comply with Alaska law." Motion at 2. Every prong of this attack is without merit.

### 1. Hearsay documents

Plaintiff apparently argues that Patton relied on inadmissible hearsay because he testified about "documents which were in the archives or computers . . ., which in some cases were prepared by a third person." Motion at 3. Federal Evidence Rule 803 excepts from the hearsay rule any "record" or "data compilation, in any form" that is "kept in the course of a regularly conducted business activity," as long as it is shown to be such by a "qualified witness." It is hard to imagine how application forms and other ordinary records of an insurance business, taken from the insurer's files and authenticated under oath by an officer of the company familiar with the records and the record-keeping process, would not satisfy the "business records" exception to the hearsay rule.

### 2. Documents prepared by others

Plaintiff also apparently argues that a witness cannot authenticate a document that he has not prepared himself, but this position is absurdly detached from the Evidence Rules. Rule 901(b)(1) allows authentication of a document by the simple expedient of, among other alternatives, "[t]estimony

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

that a matter is what it is claimed to be." When Patton, as the Director of Hartford's Personal Lines Product Management, testifies under oath that, as part of his job responsibilities, he is "familiar with the way that Hartford documents the issuance, renewal, changes, and cancellation of personal lines insurance policies," and testifies further that Exhibit B attached to his affidavit is a "paper copy of the [Mann] application" taken from Hartford's files (see Affidavit of William E. Patton, Ex. 2 to Hartford's Motion for Summary Judgment, at ¶¶ 1-2), then Exhibit B is properly authenticated for purposes of the Evidence Rules.

### 3. Documents not provided to Plaintiff

In a footnote (p. 3, n. 2), Plaintiff complains that e-mails between Patton and another Hartford employee, Ms. Rokes, who prepared an exhibit to Patton's affidavit, "were requested by Plaintiff . . . but not produced." Plaintiff does not suggest what these e-mails might contain that would be relevant to his position or why their absence from the record justifies the exclusion of affidavit testimony.

In any event, Plaintiff never actually asked for those e-mails, just generally for "all e-mails, memos, notes and other communication exchanged between Hartford employees regarding the plaintiff Jerry Mann." Motion Ex. 2 at 2. Hartford had

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS

already produced all e-mails it considered relevant. If Plaintiff believes that discovery has been incomplete, the procedure required by the Federal Rules and generally followed in the legal community is to ask the other side for what he believes is missing, and, if the evidence is still not forthcoming, to move to compel. <u>See</u> Rule 37, Fed.R.Civ.P. The sanction he requests – the exclusion of all other evidence – is a quantum leap past these ordinary and required steps.

**4. Documents that fail to comply with Alaska law**

Plaintiff also contends that Patton's affidavit should be excluded because it relies on "documents that failed to comply with Alaska law." Motion at 2. Once again, he does not explain why this would be grounds for excluding an affidavit. In any event, his accusation that Hartford's documents failed to comply with Alaska law is baseless.

First, Plaintiff argues that the Supplemental Application violates AS 21.89.020(c) and AS 28.20.445(e)(3) because it includes the printed word "Rejected." Plaintiff apparently contends that a rejection form is the statutorily required "writing" only if the word "rejected" is handwritten on the form by the insured himself. Motion at 4. This extreme view of the statutory requirements is fully briefed elsewhere on the cross-motions for summary judgment; suffice it to say here that

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS
Page 5 of 9

ample case authority supports the common-sense notion that an insured's signature on a written rejection form satisfies the statutory requirement that a rejection be "in writing."

Plaintiff also argues that Hartford "utilized application forms not approved by the State of Alaska per AS 21.42.120 and AS 21.42.250." These statutes, according to Plaintiff, require "that application forms are to become part of a policy" and that they receive approval from the Director of Insurance. Motion at 4-5. Plaintiff misstates the law.

Alaska Statute 21.42.120(a) requires State approval of applications only "where written application is required and is to be made a part of the policy or contract." The Supplemental Application at issue here does not purport to be a part of the policy, and there is no requirement in the law that it <u>be</u> a part of the policy.

**5.  Favorable testimony of Hartford employee**

Plaintiff also contends that Patton's testimony is inadmissible because he "is an employee of Hartford and interpreted the Supplemental Application in a manner favorable to his employer" despite alleged evidence to the contrary. Motion at 3. This is nonsensical. That a witness for the defendant supports the defendant's position is hardly grounds for exclusion of his testimony, and Plaintiff offers no cogent

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

explanation of why it should be.

### 6. Spoliation

In a particularly odd argument, Plaintiff contends that Hartford is guilty of "spoliation" or of "altering" evidence because, as part of the application process, it caused the bold and underlined word **"Rejected"** to appear on the Supplemental Application form next to the options for UM/UIM coverage. Motion at 5-7. Of course, the form was not evidence at all until the word "Rejected" was placed on it and the insured signed it; how someone could "spoil" or "alter" evidence by the act of creating the evidence in the first place is metaphysically baffling.

Plaintiff also asserts that "[a]n otherwise defective form cannot be reformed by Mr. Patton's Affidavit or deposition that Hartford's insured Mann intended to reject Underinsured Motorist coverage." Motion at 3. The problem with this argument is that the form was not "otherwise defective." <u>The form itself</u> clearly shows Mann's intent to reject UM/UIM coverage, as Alaska law requires; Patton simply explained the form, he made no attempt to "reform" it or to alter it in any way. It is <u>Plaintiff</u> who seeks to alter the evidentiary record by excluding the evidence of his own fully informed decision of

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS

whether to purchase UM coverage.[1]

## B. There Is No Basis for the Presumption Plaintiff Seeks

Finally, Plaintiff seeks a presumption "as a matter of law" that he "has had Uninsured/Underinsured Motorist coverage since March 29, 2001," since otherwise, in Plaintiff's view, Hartford would be allowed "to benefit from its violation of Alaska Statutes." Motion at 7. But Hartford did not violate Alaska Statutes, as explained above. Even if it did, Plaintiff offers no legal rationale why the litigation-ending sanction he seeks would be the appropriate remedy.

## CONCLUSION

Plaintiff's motion is circular and ultimately irrational. He contends that because Hartford failed to comply with the

---

[1] In a footnote, Plaintiff argues that the application form is deficient – and Patton must have known it, and therefore his affidavit is inadmissible – because the policy manual (found in Plaintiff's documents filed under seal, at IMF 224) requires that, during telephone calls with insureds, they "are instructed to 'X' the appropriate box [on the application form] to approve or change their selections," and no "X" appears on Mann's application form. But the context shows that the manual is addressing insureds who have selected an "amount" of UM coverage rather than rejecting it entirely, as Mann did. The immediately preceding sentence reads: "The amount selected by phone will be prefilled on the line provided on the application." Id. Since Mann selected no "amount," no boxes appear on that page. However, had he decided to change his selections to include an amount for UM coverage, the next page provided boxes to check by all the available amounts. Mann checked none of the boxes. See Motion for Summary Judgment, Ex. B at 3.

INGALDSON,
MAASSEN &
FITZGERALD, P.C.
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

law, Hartford should be prohibited from offering evidence that it complied with the law. The litigation-ending sanction that he seeks – indeed, any sanction at all – is not justified by the Rules of Evidence, case law, or the facts of this case. Plaintiff's motion to exclude Hartford's evidence should be denied.

    DATED:    January 6, 2006

        s/Peter J. Maassen
        ABA No.   8106032
        INGALDSON, MAASSEN & FITZGERALD, P.C.
        Attorneys for defendant, Hartford Insurance Company of the Midwest
        813 W. 3rd Avenue
        Anchorage, AK  99501
        Phone:    (907) 258-8750
        Fax:      (907) 258-8751
        Email:    peter@impc-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2006, a copy of the foregoing OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS was served electronically on:

Leonard T. Kelley, Esq.
821 N Street, Suite 206
Anchorage, AK  99501

s/Peter J. Maassen

**INGALDSON, MAASSEN & FITZGERALD, P.C.**
Lawyers
813 W. 3rd Avenue
Anchorage, Alaska 99501-2001
(907) 258-8750
FAX: (907) 258-8751

*HARTFORD ADV. MANN*
No. A05-0038 CIV (RRB)
OPPOSITION TO MOTION TO EXCLUDE DEFENDANT'S EVIDENCE AND TO CREATE PRESUMPTIONS