Leonard T. Kelley
Kelley & Canterbury, LLC.
821 "N" Street, Suite 206
Anchorage, Alaska 99501
Tel: (907) 276-8185
Fax: (907) 279-3829
Attorney for the Plaintiff
Alaska Bar No. 7605039

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JERRY MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HARTFORD INSURANCE | ) |
| COMPANY OF THE MIDWEST, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. A05-00038 CV (TMB) |

**REPLY TO HARTFORD'S OPPOSITION TO MOTION AND MEMORANDUM
SUPPORTIVE OF EXCLUDING DEFENDANT'S EVIDENCE AND CREATING
PRESUMPTIONS IN FAVOR OF UNDERINSURED MOTORIST COVERAGE**

Mr. Mann is a disabled senior who was issued automobile liability insurance by Defendant Hartford (AARP). Most Alaskan insurance consumers are not knowledgeable on insurance issues; accordingly, the State of Alaska enacted Alaska Statute 21.89.020 which requires Defendant Hartford to provide Alaskans with "full coverage" unless waived by the insured in writing. If the insured does not waive Uninsured/Underinsured Motorist coverage in writing, then there is coverage as a matter of law.

Defendant filed a Motion for Summary Judgment stating that there are no material issues of fact in controversy and attached affidavits in support of its position, (Federal Rules of Civil Procedure 56). It is Plaintiff's position that the documents relied upon by Hartford are not

admissible evidence supportive of Defendant's Rule 56 motion.  Accordingly, Plaintiff filed a Motion to Exclude certain evidence of the defense, because the evidence is not admissible.  If Plaintiff failed to file the exclusion motion, a waiver would have occurred.  Plaintiff's motion may result in an end to the litigation, which is Plaintiff's intent.  If Plaintiff's position with regard to his Motion to Exclude and Plaintiff's Cross-Motion for Summary Judgment have merit, the Court should grant Plaintiff's motions and refer the case to Arbitration for a determination of damages.

## Hartford's Evidence is Excludable

### 1.  Hearsay Documents and Documents Prepared by Others

Hartford offered documents to "prove the truth of the matter asserted."  Mr. Patton testified that he developed the forms and was aware of Hartford's systems (Patton deposition pages 6-7).  We learned that the process and systems utilized by Hartford are not reliable.  For instance, Hartford failed to produce the service notes from 3/29/01 to 8/01, from its data compilation system.  If the data compilation system creates suspicion with regard to its accuracy, then Hartford's process and/or system are questionable.  Hartford's documents cannot be authenticated, (Federal Rules of Evidence 901).

### 2.  Documents Not Provided to Plaintiff

In discovery, Plaintiff requested "emails exchanged between Hartford's employees."  Rather than produce the emails, Hartford states that Plaintiff failed to show their relevancy, failed to state what the emails contained, and failed to file a Motion to Compel.  Hartford knows that it must produce all requested documents.  The issue is whether the requested documents may lead to relevant evidence, not whether the emails themselves are relevant, (Federal Rules of Civil Procedure 26(b)(1)).  In this case, one of the reasons Hartford's evidence (Patton's affidavit and

exhibits) must be excluded is because Defendant failed to produce requested emails between Ms. Rokes and Mr. Patton which were used to prepare Patton's Affidavit.

### 3. Documents Fail to Comply with Alaska Law

Hartford, in an attempt to escape the requirements of Alaska Statute 21.42.120(a) states on page 6 of its Opposition that the "Supplemental Application at issue here does not purport to be part of the policy and there is no requirement in the law it be a part of the policy." Hartford's position is disingenuous. It is disingenuous because the so-called "Supplemental Application/Rejection form is part and parcel of the complete Application. Defendant Hartford, in its Opposition to Plaintiff's Cross-Motion for Summary Judgment under argument "A," stated "there are no real issues about Mann's review and signing of the complete Application." Hartford at section "B" of its Opposition to Plaintiff's Cross-Motion for Summary Judgment stated "the signed Application is a writing."

Simply stated, Hartford represented to the Court that Exhibit A to its Opposition to Plaintiff's Cross-Motion for Summary Judgment is Mann's Application for Insurance, (Exhibit 1). Since Hartford utilized application forms not approved by the State of Alaska per AS 21.42.120 and AS 21.42.250, said forms should be presumed statutorily defective.

### 4. Hartford Employee's Statement

Mr. Patton's affidavit and supporting documents should not be admitted as evidence to prove the underlying issue, UIM waiver. Courts have stated the general view that an insurance company employee's self-serving statement is biased and should not be considered in proving an insured's intent to reject Underinsured Motorist coverage. Defendant failed to address this issue which was raised in Plaintiff's Motion to Exclude on pages 3 and 4.

5.  Alteration/Spoilation

Metaphysically baffling or not, there is no dispute that the Application forms were altered from its original form when Hartford plugged in the words "Rejected" without Mann's written approval to do so (Patton's deposition page 49, line 17).  It was altered by Hartford, and Hartford deleted the applicable service notes.[1]

6.  Presumptions (Federal Rules of Evidence 301 and 302)

Application forms/waiver provisions were not approved by the State of Alaska per AS 21.89.020, 28.22.201, and 21.42.120.  The Court can hold as a matter of law that application forms/rejection forms not approved by the State of Alaska, Division of Insurance, are presumed to be defective.

Hartford's failure to preserve the service notes from 3/29/01 to 8/01 would have told us what really occurred with regard to the Application.  Hartford also failed to produce emails from Ms. Rokes to Mr. Patton and its retention policy.

Hartford's failure to have the application forms approved by the State of Alaska and failure to preserve and produce documents (service notes, retention policy, and emails) results in a presumption that the documents contain information favorable to Plaintiff Mann.

## Conclusion

Alaska legislators enacted the Mandatory Insurance Act of 1984 to protect Alaska insurance consumers from risk of loss suffered/created by uninsured and underinsured drivers by requiring insurance companies to provide their insured with Uninsured/Underinsured Motorist coverage unless waived in writing by their insured.  AARP franchised Hartford to assist its senior members with various insurance programs, including automobile liability insurance.

---

[1]  Hartford never explained why it failed to produce a copy of its retention policy, even though Mr. Patton indicated one likely existed (Patton's deposition page 38).

Mann v. Hartford Insurance Co. of the Midwest, *Case No. A05-00038CIV* (TMB)                    Page 4 of 5
**Reply to Motion Supportive of Excluding Defendant's Evidence and Creating Presumptions**

Hartford seeks to escape its statutory obligation to provide Underinsured Motorist coverage to Mann. This Court should confirm Plaintiff's Underinsured Motorist coverage as a matter of law and refer the case to Arbitration.

This Court's confirmation of Mann's Underinsured Motorist coverage will also result in Hartford obtaining approval of its Application and Rejection forms by the State of Alaska. No doubt, the State of Alaska will correct any ambiguities in Hartford's forms and require the language be presented in a format which specifically requires the insured to waive UM/UIM coverage in writing, if that is their intention.

Dated this 7th day of March, 2006.

                s/ Leonard T. Kelley
                Kelley & Canterbury, LLC.
                821 "N" Street, Suite 206
                Anchorage, Alaska 99501
                Tel: (907) 276-8185
                Fax: (907) 279-3829
                Email: kelleyandkelley@acsalaska.net
                Alaska Bar No. 7605039

*Certificate of Service*
I hereby certify that on 3/7/06, a copy of the
foregoing Reply to Hartford's Opposition to
Motion Excluding Defendant's Evidence and
Creating Presumptions in Favor of Underinsured
Motorist Coverage was served electronically on Peter J. Maassen.

BY: s/ Leonard T. Kelley